HALSBAND LAW OFFICES
David S. Halsband, Esq.
Court Plaza South
21 Main St., East Wing
Third Floor, Suite 304
Hackensack, New Jersey 07601
T. 201.487.6249
F. 201.487.3176
Email: halsbandlaw@optonline.net
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X

THOMAS TUCKER, CARLOS DONINELLI,
and GENE PETITT,

                        Plaintiff,

-against-

AJM TRUCKING, INC.,
AJM CONTRACTORS, INC., and
ANTHONY J. MARINARO,

                        Defendants.
--------------------------------------------------------X

**AMENDED COMPLAINT**
**DEMAND FOR JURY TRIAL**

Civil Action No. 2:13-CV-03600 (CCC-JAD)

Plaintiffs, Thomas Tucker, Carlos Doninelli, and Gene Petitt, by their counsel, Halsband

Law Offices, allege for their Amended Complaint as follows:

## JURY DEMAND

1.   Plaintiffs demand a trial by jury of all issues in this action.

## NATURE OF ACTION

2.   Plaintiffs seek to recover damages against Defendants AJM Trucking, Inc., AJM

Contractors, Inc., and Anthony J. Marinaro, for unlawful employment practices in violation of

the Fair Labor Standards Act, 29 U.S.C. § 216(b), ("FLSA"), and the New Jersey Wage & Hour

Law, N.J.S.A., §§ 34:11-56a et seq., ("NJ Wage Law") for Defendants' failure to pay overtime

1

wages, regular wages, and for unlawful retaliation and termination in violation of the New Jersey Conscientious Employees Protection Act, N.J.S.A. § 34:19-3 et seq. ("CEPA"), and in violation of the New Jersey Prevailing Wage Act, N.J. Stat. Ann. § 34:11-56.58 et seq., ("NJ Prevailing Wage Act") for Defendants' failure to pay prevailing wages.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over Plaintiff's claims in this action.

4.    This Court's subject matter jurisdiction is based on 28 U.S.C. § 1331, the FLSA, and under the principles of pendent jurisdiction.

5.    Defendants are found, transact business, have agents, and are within the jurisdiction of this Court.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

7.    Plaintiff Thomas Tucker is an adult male resident of New Jersey.

8.    Plaintiff Carlos Doninelli is an adult male resident of New Jersey.

9.    Plaintiff Gene Pettit is an adult male resident of New York.

10. Defendant AJM Trucking, Inc. ("Trucking") maintains its principal place of business at 300 Kuller Road, Clifton, New Jersey 07011.

11. Defendant AJM Contractors, Inc. ("Contractors") maintains its principal place of business at 300 Kuller Road, Clifton, New Jersey 07011.

12. Defendant Anthony J. Marinaro is an adult male resident of the State of New Jersey.

13. Marinaro owns Trucking.

14. Marinaro owns Contractors.

15.  Trucking is an "employer" as defined in the NJ Wage Law, N.J.S.A. Section 34:11-56a1.

16.  Trucking is an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

17.  Contractors is an "employer" as defined in the NJ Wage Law, N.J.S.A. Section 34:11-56a1.

18.  Contractors is an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

19.  Trucking is an "employer" as defined in CEPA, N.J.S.A. § 34:19-2(a).

20.  Contractors is an "employer" as defined in CEPA, N.J.S.A. § 34:19-2(a).

21.  Marinaro is an "employer" as defined in the NJ Wage Law, N.J.S.A. § 34:11-56a1.

22.  Marinaro is an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

23.  Marinaro is an "employer" as defined in CEPA.

24.  Marinaro owns, in whole or in part, Trucking.

25.  Marinaro owns, in whole or in part, Contractors.

26.  Marinaro has the authority to make personnel decisions at Trucking including, but not limited to, the power to hire and fire employees, establish employees' work schedules, establish and pay employees' wages, and maintain employment records.

27.  Marinaro has the authority to make personnel decisions at Contractors including, but not limited to, the power to hire and fire employees, establish employees' work schedules, establish and pay employees' wages, and maintain employment records.

28.  At all times relevant herein, Marinaro was Tucker's employer and is personally liable for Plaintiff's wages under the FLSA, 29 U.S.C. § 203, the NJ Wage Law, N.J.S.A. § 34:11-4.1, and the NJ Prevailing Wage Act.

29.   At all times relevant herein, Marinaro was Doninelli's employer and is personally liable for Plaintiff's wages under the FLSA, 29 U.S.C. § 203, the NJ Wage Law, N.J.S.A. § 34:11-4.1, and the NJ Prevailing Wage Act.

30.   At all times relevant herein, Marinaro was Petitt's employer and is personally liable for Plaintiff's wages under the FLSA, 29 U.S.C. § 203, the NJ Wage Law, N.J.S.A. § 34:11-4.1, and the NJ Prevailing Wage Act.

31.   Trucking and Contractors share common owners.

32.   Trucking and Contractors share common managers.

33.   Trucking and Contractors share common office space.

34.   Trucking and Contractors share common employees.

35.   Trucking and Contractors are related entities.

36.   Trucking and Contractors are joint employers.

37.   The Defendants jointly exercised control over labor and employee relations and labor policy decisions for their employees, including for each Plaintiff.

38.   Upon information and belief, the Defendants jointly made the decisions that led to the violation of the Plaintiffs' rights under the FLSA, the NJ Wage Law, CEPA, and the NJ Prevailing Wage Act.

39.   At all times relevant herein, the Defendants were the Plaintiffs' employer within the meaning of the FLSA, the NJ Wage Law, CEPA, and the NJ Prevailing Wage Act.

## FACTS

40. Trucking employed Tucker since in or about 2000.

41. Contractors employed Tucker since in or about 2000.

42. Marinaro employed Tucker since in or about 2000.

4

43. Trucking employed Doninelli since in or about 2006.

44. Contractors employed Doninelli since in or about 2006.

45. Marinaro employed Doninelli since in or about 2006.

46. Trucking employed Petitt since in or about 2010.

47. Contractors employed Petitt since in or about 2010.

48. Marinaro employed Petitt since in or about 2010.

49. Tucker is a "workman" or "worker" as defined in the NJ Prevailing Wage Act.

50. Doninelli is a "workman" or "worker" as defined in the NJ Prevailing Wage Act.

51. Pettit is a "workman" or "worker" as defined in the NJ Prevailing Wage Act.

52. Defendants had public work contracts with public bodies including the State of New Jersey and/or other municipalities in the State of New Jersey which required Defendants to pay to Plaintiffs a certain hourly rate of pay known as prevailing wages ("Prevailing Wages") pursuant to the New Jersey Prevailing Wage Act, N.J.S.A. §§ 34:11-56.25 et seq. and the supporting regulations including N.J.A.C. § 12:60 et seq.

53. Trucking had public work contracts with public bodies including the State of New Jersey and/or other municipalities in the State of New Jersey which required Trucking to pay to Plaintiffs a certain hourly rate of pay known as prevailing wages ("Prevailing Wages") pursuant to the New Jersey Prevailing Wage Act, N.J.S.A. §§ 34:11-56.25 et seq. and the supporting regulations including N.J.A.C. § 12:60 et seq.

54. Trucking had public work contracts with public bodies including the State of New Jersey and/or other municipalities in the State of New Jersey which required Trucking to pay to certain employees Prevailing Wages.

55. Contractors had public work contracts with public bodies including the State of New

Jersey and/or other municipalities in the State of New Jersey which required Contractors to pay to Plaintiffs a certain hourly rate of pay known as prevailing wages ("Prevailing Wages") pursuant to the New Jersey Prevailing Wage Act, N.J.S.A. §§ 34:11-56.25 et seq. and the supporting regulations including N.J.A.C. § 12:60 et seq.

56. Contractors had public work contracts with public bodies including the State of New Jersey and/or other municipalities in the State of New Jersey which required Contractors to pay to certain employees Prevailing Wages.

57. Tucker performed public work for the Defendants that was performed pursuant to one or more of the public contracts that one or more of the Defendants had with public bodies including the State of New Jersey and/or other municipalities within the State of New Jersey that required the Defendants to pay Tucker Prevailing Wages.

58. Doninelli performed public work for the Defendants that was performed pursuant to one or more of the public contracts that one or more of the Defendants had with public bodies including the State of New Jersey and/or other municipalities within the State of New Jersey that required the Defendants to pay Doninelli Prevailing Wages.

59. Petitt performed public work for the Defendants that was performed pursuant to one or more of the public contracts that one or more of the Defendants had with public bodies including the State of New Jersey and/or other municipalities within the State of New Jersey that required the Defendants to pay Petitt Prevailing Wages.

60. Trucking obtained materials from Tilcon.

61. Contractors obtained materials from Tilcon.

62. Trucking used the materials from Tilcon related to contracts that Trucking had with one or more municipalities.

6

63. Contractors obtained materials from Tilcon related to contracts that Contractors had with one more municipalities.

64. Tucker obtained materials from Tilcon as part of his employment with Contractors.

65. Tucker obtained materials from Tilcon as part of his employment with Trucking.

66. Doninelli obtained materials from Tilcon as part of his employment with Contractors.

67. Doninelli obtained materials from Tilcon as part of his employment with Trucking.

68. Petitt obtained materials from Tilcon as part of his employment with Contractors.

69. Petitt obtained materials from Tilcon as part of his employment with Trucking.

70. Defendants failed to pay Prevailing Wages to Tucker.

71. Defendants failed to pay Prevailing Wages to Doninelli.

72. Defendants failed to pay Prevailing Wages to Petitt.

73. Defendants' failure to pay Prevailing Wages to Tucker was unlawful.

74. Defendants' failure to pay Prevailing Wages to Doninelli was unlawful.

75. Defendants' failure to pay Prevailing Wages to Petitt was unlawful.

76. Each of the Plaintiffs believed that the Defendants' failure to pay Prevailing Wages to each of them was unlawful.

77. The Plaintiffs' beliefs were reasonable and in good faith that Defendants' failure to pay Prevailing Wages to each Plaintiff was unlawful.

78. In or about December 2012 or January 2013, Plaintiffs filed complaints with the New Jersey Department of Labor and Workforce Development, Division of Wage & Hour Compliance Public Contracts ("Labor Dept.") against the Defendants for the Defendants' failure to pay the Plaintiffs Prevailing Wages.

79. The Plaintiffs' filing complaints against the Defendants with the Labor Dept. were

legally protected activities under CEPA.

80. Defendants learned that the Plaintiffs filed the complaints with the Labor Dept.

81. Defendants terminated the employment of Tucker.

82. Defendants terminated the employment of Doninelli.

83. Defendants terminated the employment of Petitt.

84. Trucking terminated the employment of Tucker.

85. Contractors terminated the employment of Tucker.

86. Marinaro terminated the employment of Tucker.

87. Trucking terminated the employment of Doninelli.

88. Contractors terminated the employment of Doninelli.

89. Marinaro terminated the employment Doninelli.

90. Trucking terminated the employment of Petitt.

91. Contractors terminated the employment of Petitt.

92. Marinaro terminated the employment of Petitt.

93. Defendants then retaliated against the Plaintiffs by terminating their employment in or about March 2013 and/or by failing to rehire the Plaintiffs in March 2013 because the Plaintiffs filed the complaints with the Labor Dept.

94. Defendants even attempted to coerce the Plaintiffs into signing a letter withdrawing their complaints with the Labor Dept.

95. Plaintiffs refused to sign the letter.

96. Upon information and belief, Defendants forged Petitt's name on the letter.

97. Defendants submitted a letter to the Labor Dept. that Defendants claimed contained the signature of Petitt.

98. Accordingly, the Defendants' termination of the Plaintiffs' employment and/or refusal to rehire the Plaintiffs was unlawful retaliation under CEPA.

99. In addition, during their employment, the Plaintiffs routinely worked in excess of forty hours per week.

100. The Defendants did not compensate the Plaintiffs for all of the hours they worked in excess of forty hours per week, either at the Prevailing Wage rate, the overtime rate of one and one half of the Prevailing Wage rate, or even at the regularly hourly rate.

101. The Plaintiffs repeatedly complained to Marinaro about not being paid for hours they worked over forty in one week.

102. The Plaintiffs also repeatedly complained to Marinaro about not being paid Prevailing Wages as required by the NJ Prevailing Wage Act.

103. Marinaro told the Plaintiffs that if they did not like how he paid them, they could resign.

104. Marinaro also called the Plaintiffs "troublemakers" for complaining about not being paid properly.

105. Accordingly, Defendants violated CEPA by terminating the Plaintiffs' employment in retaliation because they filed complaints with the Labor Dept. in which they reported the Defendants' unlawful failure to pay them Prevailing Wages.

106. Defendants also violated the FLSA and NJ Wage Law by not paying the Plaintiffs for the hours they worked over forty in a one week period.

107. Defendants also violated the NJ Prevailing Wage Act by not paying the Plaintiffs Prevailing Wages.

108. The Plaintiffs' claims for Defendants' violation of the NJ Prevailing Wage Act by

not paying the Plaintiffs Prevailing Wages were pending before the Labor Dept, but have since been withdrawn and those claims are now part of this lawsuit by virtue of the filing of this Amended Complaint.

109. Defendants failed to keep accurate and adequate records of the hours worked by Plaintiffs as required by the FLSA and the NJ Wage Law.

110. Based on the foregoing, Plaintiffs have sustained damages to be determined at trial.

<u>**COUNT ONE**</u>

<u>**TUCKER**</u>

<u>**Fair Labor Standards Act Against All Defendants – Overtime Wages**</u>

111. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

112. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 <u>et seq.</u>, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

113. By and through the Defendants' course of conduct as alleged above, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

114. Defendants' unlawful conduct has been willful and intentional.

115. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

116. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

117. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

WHEREFORE, pursuant to 29 U.S.C. § 216(b), Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT TWO

## TUCKER

## New Jersey Wage Law Against All Defendants – Overtime Wages

118. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

119. The overtime wage provisions of Section 34:11-56a of the NJ Wage Law and its supporting regulations apply to Defendants and protect Plaintiff.

120. Defendants have failed to pay Plaintiff overtime wages to which he is entitled under Section 34:11-56a of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

121. By Defendants' knowing or intentional failure to pay the Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated §§ 34:11-56a *et seq.* of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

122. Due to Defendants' violations of §§ 34:11-56a *et seq.* of the NJ Wage Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

WHEREFORE, pursuant to the NJ Wage Law and the NJ Wage & Hour Regulations, Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT THREE

## TUCKER

### Fair Labor Standards Act Against All Defendants – Wages

123. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

124. The wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

125. By and through the Defendants' course of conduct as alleged above, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

126. Defendants' unlawful conduct has been willful and intentional.

127. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

128. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

129. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

WHEREFORE, pursuant to 29 U.S.C. § 216(b), Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT FOUR

## TUCKER

### New Jersey Wage Law Against All Defendants – Wages

130. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

131. The wage provisions of Section 34:11-56a of the NJ Wage Law and its supporting regulations apply to Defendants and protect Plaintiff.

132. Defendants have failed to pay Plaintiff wages to which he is entitled under Section 34:11-56a of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

133. By Defendants' knowing or intentional failure to pay the Plaintiff wages for hours worked in excess of 40 hours per week, they have willfully violated §§ 34:11-56a *et seq.* of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

134. Due to Defendants' violations of §§ 34:11-56a *et seq.* of the NJ Wage Law, Plaintiff is entitled to recover from Defendants unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

WHEREFORE, pursuant to the NJ Wage Law and the NJ Wage & Hour Regulations, Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants

make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT FIVE

## TUCKER

### CEPA Claim Against All Defendants – Retaliatory Termination

135. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

136. The Defendants' actions against the Plaintiff constitute unlawful retaliation under CEPA, Sections 34:19-3(a)(1) and (2), and Sections 34:19-3(c)(1) and (2), because the Plaintiff engaged in the legally protected activity of objecting to a criminal activity and/or unlawful activity in the workplace.

137. By and through their course of conduct as alleged in the preceding paragraphs, Defendants and their agents unlawfully retaliated against and terminated the Plaintiff's employment in violation of CEPA.

138. As a result of the foregoing, the Defendants and their agents caused Plaintiff lost pay and benefits, humiliation, embarrassment, and mental and physical anguish, in amounts to be determined at trial.

## COUNT SIX

## PETITT

### Fair Labor Standards Act Against All Defendants – Overtime Wages

139. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

14

140. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

141. By and through the Defendants' course of conduct as alleged above, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

142. Defendants' unlawful conduct has been willful and intentional.

143. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

144. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

145. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

WHEREFORE, pursuant to 29 U.S.C. § 216(b), Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT SEVEN

## PETITT

## New Jersey Wage Law Against All Defendants – Overtime Wages

146. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

147. The overtime wage provisions of Section 34:11-56a of the NJ Wage Law and its supporting regulations apply to Defendants and protect Plaintiff.

148. Defendants have failed to pay Plaintiff overtime wages to which he is entitled under Section 34:11-56a of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

149. By Defendants' knowing or intentional failure to pay the Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated §§ 34:11-56a *et seq.* of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

150. Due to Defendants' violations of §§ 34:11-56a *et seq.* of the NJ Wage Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

WHEREFORE, pursuant to the NJ Wage Law and the NJ Wage & Hour Regulations, Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

**COUNT EIGHT**

**PETITT**

**Fair Labor Standards Act Against All Defendants – Wages**

151. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

152. The wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

153. By and through the Defendants' course of conduct as alleged above, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

154. Defendants' unlawful conduct has been willful and intentional.

155. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

156. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

157. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

WHEREFORE, pursuant to 29 U.S.C. § 216(b), Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT NINE

## PETITT

## New Jersey Wage Law Against All Defendants – Wages

158. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

159. The wage provisions of Section 34:11-56a of the NJ Wage Law and its supporting regulations apply to Defendants and protect Plaintiff.

160. Defendants have failed to pay Plaintiff wages to which he is entitled under Section 34:11-56a of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

161. By Defendants' knowing or intentional failure to pay the Plaintiff wages for hours worked in excess of 40 hours per week, they have willfully violated §§ 34:11-56a *et seq.* of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

162. Due to Defendants' violations of §§ 34:11-56a *et seq.* of the NJ Wage Law, Plaintiff is entitled to recover from Defendants unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

WHEREFORE, pursuant to the NJ Wage Law and the NJ Wage & Hour Regulations, Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT TEN

## PETITT

### CEPA Against All Defendants – Retaliatory Termination

163. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

164. The Defendants' actions against the Plaintiff constitute unlawful retaliation under CEPA, Sections 34:19-3(a)(1) and (2), and Sections 34:19-3(c)(1) and (2), because the Plaintiff engaged in the legally protected activity of objecting to a criminal activity and/or unlawful activity in the workplace.

18

165. By and through their course of conduct as alleged in the preceding paragraphs, Defendants and their agents unlawfully retaliated against and terminated the Plaintiff's employment in violation of CEPA.

166. As a result of the foregoing, the Defendants and their agents caused Plaintiff lost pay and benefits, humiliation, embarrassment, and mental and physical anguish, in amounts to be determined at trial.

<strong><u>COUNT ELEVEN</u></strong>

<strong><u>DONINELLI</u></strong>

<strong><u>Fair Labor Standards Act Against All Defendants – Overtime Wages</u></strong>

167. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

168. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 <u>et seq.</u>, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

169. By and through the Defendants' course of conduct as alleged above, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

170. Defendants' unlawful conduct has been willful and intentional.

171. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

172. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

173. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

WHEREFORE, pursuant to 29 U.S.C. § 216(b), Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

**COUNT TWELVE**

**DONINELLI**

**New Jersey Wage Law Against All Defendants – Overtime Wages**

174. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

175. The overtime wage provisions of Section 34:11-56a of the NJ Wage Law and its supporting regulations apply to Defendants and protect Plaintiff.

176. Defendants have failed to pay Plaintiff overtime wages to which he is entitled under Section 34:11-56a of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

177. By Defendants' knowing or intentional failure to pay the Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated §§ 34:11-56a *et seq.* of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

178. Due to Defendants' violations of §§ 34:11-56a *et seq.* of the NJ Wage Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

20

WHEREFORE, pursuant to the NJ Wage Law and the NJ Wage & Hour Regulations, Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT THIRTEEN

## DONINELLI

## Fair Labor Standards Act Against All Defendants – Wages

179. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

180. The wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

181. By and through the Defendants' course of conduct as alleged above, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

182. Defendants' unlawful conduct has been willful and intentional.

183. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

184. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

185. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

WHEREFORE, pursuant to 29 U.S.C. § 216(b), Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT FOURTEEN

## DONINELLI

## New Jersey Wage Law Against All Defendants – Wages

186. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

187. The wage provisions of Section 34:11-56a of the NJ Wage Law and its supporting regulations apply to Defendants and protect Plaintiff.

188. Defendants have failed to pay Plaintiff wages to which he is entitled under Section 34:11-56a of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

189. By Defendants' knowing or intentional failure to pay the Plaintiff wages for hours worked in excess of 40 hours per week, they have willfully violated §§ 34:11-56a *et seq.* of the NJ Wage Law and the supporting New Jersey State Department of Labor Regulations.

190. Due to Defendants' violations of §§ 34:11-56a *et seq.* of the NJ Wage Law, Plaintiff is entitled to recover from Defendants unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

WHEREFORE, pursuant to the NJ Wage Law and the NJ Wage & Hour Regulations, Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants

make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## COUNT FIFTEEN

## DONINELLI

### CEPA Against All Defendants – Retaliatory Termination

191. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

192. The Defendants' actions against the Plaintiff constitute unlawful retaliation under CEPA, Sections 34:19-3(a)(1) and (2), and Sections 34:19-3(c)(1) and (2), because the Plaintiff engaged in the legally protected activity of objecting to a criminal activity and/or unlawful activity in the workplace.

193. By and through their course of conduct as alleged in the preceding paragraphs, Defendants and their agents unlawfully retaliated against and terminated the Plaintiff's employment in violation of CEPA.

194. As a result of the foregoing, the Defendants and their agents caused Plaintiff lost pay and benefits, humiliation, embarrassment, and mental and physical anguish, in amounts to be determined at trial.

## COUNT SIXTEEN

## TUCKER

### New Jersey Prevailing Wage Act Against All Defendants – Prevailing Wages

195. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

196. The NJ Prevailing Wage Act applies to Defendants and protect Plaintiff.

197. Defendants have failed to pay Plaintiff Prevailing Wages to which he is entitled under Section 34:11-56.26 of the NJ Prevailing Wage Act and the supporting New Jersey State Department of Labor Regulations including N.J.A.C. 12:60 et seq.

198. By Defendants' knowing or intentional failure to pay the Plaintiff Prevailing Wages, they have willfully violated §§ 34:11-56.26 et seq. of the NJ Prevailing Wage Act and the supporting New Jersey State Department of Labor Regulations including N.J.A.C. 12:60 et seq.

199. Due to Defendants' violations of §§ 34:11-56.26 et seq. of the NJ Wage Law, Plaintiff is entitled to recover from Defendants unpaid Prevailing Wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

WHEREFORE, pursuant to the NJ Prevailing Wage Act and the supporting regulations, Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

**COUNT SEVENTEEN**

**PETTIT**

**New Jersey Prevailing Wage Act Against All Defendants – Prevailing Wages**

200. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

201. The NJ Prevailing Wage Act applies to Defendants and protect Plaintiff.

24

202. Defendants have failed to pay Plaintiff Prevailing Wages to which he is entitled under Section 34:11-56.26 of the NJ Prevailing Wage Act and the supporting New Jersey State Department of Labor Regulations including N.J.A.C. 12:60 <u>et seq</u>.

203. By Defendants' knowing or intentional failure to pay the Plaintiff Prevailing Wages, they have willfully violated §§ 34:11-56.26 <u>et seq</u>. of the NJ Prevailing Wage Act and the supporting New Jersey State Department of Labor Regulations including N.J.A.C. 12:60 <u>et seq</u>.

204. Due to Defendants' violations of §§ 34:11-56.26 <u>et seq</u>. of the NJ Wage Law, Plaintiff is entitled to recover from Defendants unpaid Prevailing Wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

WHEREFORE, pursuant to the NJ Prevailing Wage Act and the supporting regulations, Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## <u>COUNT EIGHTEEN</u>

## <u>DONINELLI</u>

### <u>New Jersey Prevailing Wage Act Against All Defendants – Prevailing Wages</u>

205. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

206. The NJ Prevailing Wage Act applies to Defendants and protect Plaintiff.

207. Defendants have failed to pay Plaintiff Prevailing Wages to which he is entitled under Section 34:11-56.26 of the NJ Prevailing Wage Act and the supporting New Jersey State Department of Labor Regulations including N.J.A.C. 12:60 <u>et seq</u>.

208. By Defendants' knowing or intentional failure to pay the Plaintiff Prevailing Wages, they have willfully violated §§ 34:11-56.26 et seq. of the NJ Prevailing Wage Act and the supporting New Jersey State Department of Labor Regulations including N.J.A.C. 12:60 et seq.

209. Due to Defendants' violations of §§ 34:11-56.26 et seq. of the NJ Wage Law, Plaintiff is entitled to recover from Defendants unpaid Prevailing Wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

WHEREFORE, pursuant to the NJ Prevailing Wage Act and the supporting regulations, Plaintiff demands judgment against the Defendants as follows: (a) ordering that Defendants make Plaintiff whole for all losses he has suffered and still suffers in terms of lost wages; (b) an equivalent amount as liquidated damages; (c) awarding Plaintiff attorney's fees and costs of suit; and (e) for such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs pray that this Court:

    (a)    accepts jurisdiction over this matter;

    (b)    impanels and charges a jury with respect to the claims for relief; and

    (c)    awards the following damages against Defendants:

        i.    Back pay, front pay, and all benefits along with pre and post judgment interest in amounts to determined at trial;

        ii.    Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional distress in order to compensate her for the injuries suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments in amounts to be determined at trial;

        iii.    Reinstatement;

        iv.    Attorney's fees, costs and expenses as provided for by the applicable statutes;

v.    Any other relief which this Court deems just and equitable.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2:**  I hereby certify that to the best of my information, knowledge and belief that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding or administrative proceeding.

Dated: Hackensack, New Jersey
          August 7, 2013

Respectfully submitted,

**HALSBAND LAW OFFICES**

By:    s/David S. Halsband _____
          David S. Halsband, Esq.
          Attorney for Plaintiffs
          Court Plaza South
          21 Main St., East Wing
          Third Floor, Suite 304
          Hackensack, New Jersey 07601
          T. 201.487.6249
          F. 201.487.3176

27